**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| Parthenon Unified Memory Architecture LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Case No. 2:15-cv-621-JRG |
| Apple Inc., | § | |
| | § | |
| *Defendant*. | § | |
| | § | |
| | § | |
| | § | |

**ORDER**

Before the Court are Apple's Motion to Stay Pending Conclusion of Related *Inter Partes* Review Proceedings (Dkt. No. 115) (the "Motion") and Apple's Notice Regarding Instituted *Inter Partes* Review Proceedings (Dkt. No. 225).  Having reviewed the Motion, the Court is of the opinion that it is in the best interest of judicial economy to **SEVER** Plaintiff's claims concerning U.S. Patents Nos. 7,321,368; 7,542,045; 5,960,464; and 5,812,789 (the "stayed patents") into a separate cause of action (the "new action").  Immediately upon such severance, the new action shall be **STAYED** until further order of this Court.  As to the remaining claims which are not severed (principally concerning U.S. Patent No. 7,777,753 ("'753 Patent")), the Court **ORDERS** that Jury Selection for trial in this case is now set for **November 4, 2016 at 9:00 A.M.**  The Court anticipates beginning trial in this case on **Monday, November, 7 2016.**

In its Motion, Defendant Apple Inc. ("Apple") argues for a stay of the entire case because the Patent Trial and Appeal Board ("PTAB") has instituted *Inter Partes* Review ("IPR") proceedings on all patents asserted in this case, specifically, 53 out of 58 asserted claims.  The parties expect final written decisions covering three of the patents-in-suit on January 6, 2017 and

final written decisions on the other two patents by March 30, 2017.   Apple requests that the Court stay the entire case through March 30, 2017 at which point the PTAB should have issued final written decisions in all of the pending IPR proceedings concerning the asserted patents.

The above-entitled and numbered cause of action was referred to the Honorable Roy S. Payne for pretrial purposes.   Judge Payne held a pretrial conference on September 14, 2016 during which he heard oral argument on the Motion.   Judge Payne denied the Motion at the pretrial conference due to the advanced stage of these proceedings and the fact that the PTAB declined institution of IPR on five claims pertaining to one of the five patents-in-suit, the '753 patent.

On September 26, 2016, this Court vacated the referral of this case and reset Jury Selection from October 3, 2016 to November 7, 2016.  (Dkt. No. 249.)  In light of the above, the Court has carefully reconsidered the Motion as presented to Judge Payne at the September 14, 2016 hearing.

In view of the changed status of this case and the forthcoming date for the final written decisions covering all the asserted claims regarding two of the patents-in-suit during early next January, the Court is of the opinion that it is in the best interest of judicial economy to sever Plaintiff's claims concerning the stayed patents into a new action.   Such new action shall be stayed until further order of this Court.   To assist in keeping this Court informed, the parties are **ORDERED** to jointly shall file a notice with the Court in the new action upon the issuance of <u>any</u> written decision or dispositive ruling from the PTAB concerning any of the stayed patents, with a courtesy copy of such notice delivered directly to chambers.    Regardless, the parties shall file a joint status report with the Court on **April 5, 2017** in the new action, with a courtesy copy of such report delivered directly to chambers.

Further, the Court **ORDERS** that Jury Selection is now set in this case for **November 4, 2016 at 9:00 A.M.**

**So ORDERED and SIGNED this 5th day of October, 2016.**


RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE